J-S53029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER LEE PEPPLE, | |
| Appellant | No. 1532 MDA 2015 |

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001699-2010

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Appellant, Christopher Lee Pepple, appeals *nunc pro tunc* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the history of this case as follows:

> A two day jury trial was held before the Honorable Richard J. Walsh on November 2 and 3, 2011.  The jury found [Appellant] guilty of criminal attempt to commit aggravated indecent assault of a child (Count 1),[1] indecent assault of a child (Count 2),[2] and endangering the welfare of a child (Count 3)[3] for incidents involving his then seven-year-old daughter.  On February 22, 2012, [Appellant] was sentenced on Counts 1, 2, and 3 to an aggregate period of not less than 108 months to not more than 408 months in a state correctional institution.
>
> [1] 18 Pa.C.S. [§] 3125(b).

_____

[*]  Former Justice specially assigned to the Superior Court.

<sup>2</sup> 18 Pa.C.S. [§] 3126(a)(7).

<sup>3</sup> 18 Pa.C.S. [§] 4304(a)(1).

On September 21, 2012, [Appellant] filed a timely *pro se* Post Conviction Collateral Relief Petition ("PCRA Petition"). On September 26, 2012, Attorney Vincent Monfredo was appointed to represent [Appellant] and subsequently filed a no merit letter pursuant to **Turner/Finley**<sup>4</sup> and an application to withdraw as counsel on February 21, 2013. On March 5, 2013, by Order of Court Attorney Monfredo was granted leave to withdraw and [Appellant] was notified that the [PCRA c]ourt intended to dismiss [Appellant's] PCRA without a hearing and that he had twenty days to respond. That same day[, Appellant] filed an Amended PCRA Petition.<sup>5</sup> In addition to being nearly 100 pages long, [Appellant's] Amended PCRA Petition filed on April 4, 2013, was convoluted and failed to list the issues in a concise and comprehensible manner. The [PCRA c]ourt ordered [Appellant] to file a Second Amended Petition listing the issues and providing a succinct statement of support for each within 30 days of the date of the order.

<sup>4</sup> *Commonwealth v. Tu[r]ner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

<sup>5</sup> The [PCRA c]ourt presumes that [Appellant] filed his Amended PCRA Petition in response to Attorney Monfredo's application to withdraw and not the [PCRA c]ourt's notice of intention to dismiss without a hearing.

On April 22, 2013, [Appellant] filed his Second Amended PCRA Petition which was also over 100 pages long. On April 26, 2013, by Order of Court, [Appellant] was notified that the [PCRA c]ourt intended to dismiss his Second Amended PCRA Petition. However, [Appellant] was given the opportunity to respond to the proposed dismissal or file a Third Amended PCRA Petition within 20 days. On May 16, 2013, [Appellant] filed a Third Amended PCRA Petition.<sup>6</sup>

<sup>6</sup> The document was actually entitled "Amended Petition for Post-Conviction Collateral Relief;"

however, for purposes of clarity the [PCRA c]ourt will refer to it as the Third Amended PCRA Petition.

By Order of Court dated June 27, 2013, [the PCRA c]ourt found that it would be appropriate to hold an evidentiary hearing on two issues raised by [Appellant] in his Third Amended PCRA Petition: (1) whether trial counsel refused to file a direct appeal after request by [Appellant] to do so and (2) whether [Appellant] was excluded from participating in jury selection. The [PCRA c]ourt also ruled that all remaining issues raised or potentially raised in [Appellant's] PCRA Petition, Amended PCRA Petition, Second Amended PCRA Petition, and Third Amended PCRA Petition were dismissed as patently frivolous and lacking merit. An evidentiary hearing was held on August 1, 2013, after which the [PCRA c]ourt, in an Opinion and Order dated August 30, 2013, determined that the two issues on which the [PCRA c]ourt held an evidentiary hearing lacked merit and [Appellant] was not entitled to relief. On October 3, 2013, [Appellant] was ordered to file and serve on the [PCRA c]ourt within 21 days a concise statement of matters complained of on appeal. On October 24, 2013, [Appellant] filed his Concise Statement of Reasons Complained of on Appeal. [Appellant] asserted 41 allegations of error relating to the [PCRA c]ourt's August 30, 2013 Order. Only two of the allegations of error raised by [Appellant] actually related to the PCRA Court: (1) the [PCRA c]ourt erred by not appointing counsel to represent [Appellant] at the evidentiary hearing August 1, 2013 and (2) the [PCRA c]ourt erred by not providing [Appellant] with records.

In its Opinion *sur* 1925(a), the [PCRA c]ourt acknowledged that under a fair reading of the Pennsylvania Rules of Criminal Procedure, [Appellant] should have been appointed counsel to represent him at the PCRA evidentiary hearing on August 1, 2013. In its Order dated June 24, 2014, the Pennsylvania Superior Court vacated the order denying PCRA relief and remanding to the PCRA [c]ourt for a new evidentiary hearing with appointed counsel. By Order of Court dated November 10, 2014, the evidentiary hearing was scheduled for January 14, 2015. The evidentiary hearing was to be limited to the two issues the [PCRA c]ourt previously determined warranted a hearing and any other issues that [Appellant] raised in *pro se* filings that appointed counsel believed needed to be addressed.

At the January 14, 2015, evidentiary hearing, [Appellant] was the only witness to testify. The transcript of the hearing held on August 1, 2013 and a copy of the Child Protective Services Investigation report from 2010 were made part of the record. By Opinion and order dated March 9, 2015, the [PCRA c]ourt denied [Appellant's] request for collateral relief and dismissed his PCRA petition.

PCRA Court Opinion, 1/5/16, at 1-5. Appellant then brought this *nunc pro tunc* appeal from the denial of his PCRA petition. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1. Did the trial court err in issuing its March 9, 2015 order denying the Appellant's request to extend his deadline to file a direct appeal where Appellant's trial counsel was ineffective for providing the Appellant and his mother with erroneous and confusing information regarding his right to file a direct appeal (see Transcript of Proceedings on August 1, 2013, pages 15-16 and 54-73) - including, but not limited to, trial counsel having indicated to the Appellant that a direct appeal could not be made unless there were errors or issues to allege (see Transcript of Proceedings on August 1, 2013, page 54-55) - whereby effectively depriving Appellant of his right of review on direct appeal?

Appellant's Brief at 19.

Appellant argues that the PCRA court erred in denying his request for relief. Appellant's Brief at 25-27. Appellant claims that his trial counsel was ineffective in providing confusing information about his direct appeal rights and therefore deprived Appellant of a direct appeal.

Our standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error.

- 4 -

*Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id*.[1]

In resolving questions of counsel's effectiveness, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id*. (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Id*.

"Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right." *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). "It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to

_____

[1] We note that a petition for *nunc pro tunc* relief "must be considered a PCRA petition, as the PCRA is the only means for restoring direct appeal rights." *Commonwealth v. Johnson*, 841 A.2d 136, 139 (Pa. Super. 2003). *See also Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (stating that "[t]he plain language of the [PCRA] demonstrates that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act").

reinstatement of his direct appeal rights." ***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa. Super. 2011). "[W]here there is an 'unjustified failure to file a requested direct appeal,' counsel is *per se* ineffective as the defendant [i]s left with the functional equivalent of no counsel." ***Id***. at 715 (quoting ***Lantzy***, 736 A.2d at 572). "The petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request." ***Commonwealth v. Maynard***, 900 A.2d 395, 398 (Pa. Super. 2006).

In addressing Appellant's claim, the PCRA court offered the following analysis, which we adopt as our own:

> It is well-settled that, where a defendant directs counsel to file a direct appeal, and counsel refuses, the defendant is entitled to reinstatement of his direct appeal rights *nunc pro tunc*. ***Commonwealth v. Markowitz***, 32 A.3d 706, 713 (Pa. Super. 2011) (*citing* ***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999)). However, the Concise Statement does not allege that [Appellant] explicitly instructed trial counsel to file a direct appeal, rather, it states that trial counsel provided "erroneous and confusing information" to [Appellant] and his Mother. The sections of the PCRA hearing transcript, as cited in the Concise Statement, are more illuminating on this issue, but do not weigh in favor of finding that trial counsel was ineffective. At the hearing, [Appellant's] mother testified that she was "taking care of getting in contact with [trial counsel] for [Appellant]." Aug. 1, 2013 PCRA Hearing Transcript at 15. Rather than stating that [Appellant] had requested a direct appeal or that she had instructed counsel to file a direct appeal on [Appellant's] behalf, she merely states that she "never got a straight answer out of [counsel]" regarding the direct appeal. Further, [Appellant] offered no evidence that he instructed counsel to file a direct appeal other than his own statements to that effect at the PCRA Hearing. ***See*** Aug. 1, 2013 PCRA Hearing Transcript at 60-61. Trial Counsel testified that he had explained to [Appellant] that he had noted no issues of error to raise on appeal and would

have had to file an **Anders** brief requesting an appeal despite his belief that the claim is frivolous. **Id**. at 55. Counsel further explained that the proper method to raise the issue of ineffectiveness of counsel would be through a PCRA. **Id**. at 56.

"Although counsel may be ineffective for failing to file a direct appeal on his client's behalf, a PCRA petitioner must prove that he asked counsel to file an appeal in order to be entitled to relief." **Commonwealth v. Maynard**, 900 A.2d 395, 397-98 (Pa. Super. 2006) (citing **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999)). "Mere allegations will not suffice." **Harmon**, 738 A.2d at 1024. Thus, the petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request. Here, the only evidence demonstrating that [Appellant] requested [a direct appeal] is his own assertions that he did so, in contrast with the testimony of counsel. Therefore, [Appellant] has failed to meet his burden of demonstrating that counsel ignored any request to file a direct appeal.

Additionally, while it is not contested that trial counsel did consult with [Appellant] regarding his appeal rights, [Appellant] asserts that counsel's description of his rights were so "erroneous and confusing" as to deprive him of his right to an appeal. In order to find that counsel failed to adequately consult with a defendant regarding his appellate rights, the Court must find that (1) the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis, and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Burkett**, 5 A.3d 1260, 1272 (Pa. Super. 2010). Here, it is clear that counsel had an objective and reasonable basis for his statements to [Appellant]. Counsel stated that he noted no issues of error by the trial court and, thus, could not have raised any issues on appeal. Aug. 1, 2013 PCRA Hearing Transcript at 55. Counsel's only option would have been to file an **Anders** brief and withdraw from representing [Appellant]. **Id**. Without having identified any appealable issues, counsel had no other reasonable alternative and fully appraised [Appellant] of this fact. At the hearing, [Appellant] noted that his only allegation on appeal would be ineffective assistance of counsel. Aug. 1, 2013 PCRA Hearing Transcript at 71-73. As a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review; thus, the failure of new counsel to raise such a

claim on direct appeal will not waive the claim, and the claim will be waived only after a defendant has had the opportunity to raise it on collateral review and has failed to avail himself of that opportunity. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Thus, counsel's instruction to [Appellant] that he should file a PCRA to raise his ineffectiveness claims was not erroneous and was a reasonable and accurate statement of the law.

PCRA Court Opinion, 1/5/16, at 6-9.

The PCRA court chose to find credible the testimony offered by trial counsel and concluded that (1) Appellant did not request trial counsel to file a timely direct appeal, and (2) counsel appropriately advised Appellant regarding his appellate rights. The certified record supports the PCRA court's determinations, and we are bound by the PCRA court's credibility determinations. ***See Commonwealth v. Hutchinson***, 25 A.3d 277, 284 (Pa. 2011) (stating that "[t]he PCRA court's credibility determinations are binding on [an appellate c]ourt when they are supported by the record."). Thus, we conclude that the PCRA court did not err in denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2016

- 8 -